## NIEMEYER LUMBER CO. *v.* MOORE.

Decided December 12, 1891.

*Agency—Ratification.*

>  Appellee, who was engaged in running a mill, had authorized his agent to buy goods from appellant to the amount of $25. Orders given by the agent to the mill hands for goods largely in excess of the limit were accepted by appellant and the amounts charged to appellee. In settling with his employees, appellee saw from the pay-rolls that supplies had been furnished which were not provided by himself, and which, from the circumstances, he ought to have known were furnished by appellant. *Held,* appellee having availed himself of the unauthorized purchases, there was a sufficient ratification to bind him upon the contracts made by the agent.

APPEAL from *Lafayette* Circuit Court.

CHARLES E. MITCHEL, Judge.

*L. A. Byrne* for appellant.

1. The preponderance of the evidence shows that the goods were bought with the knowledge and consent of Moore.

2. But aside from this the proof shows that Moore ratified Alford's acts, and he is estopped by such ratification. Moore reaped the benefits of the acts of his agent, and cannot retain them and repudiate the burdens. The third instruction should have been given. 28 Ark., 59; 47 N. Y., 648; 67 N. Y., 138; 36 *id.*, 83; 12 Mo. App., 279; 90 Ind., 499; 3 Metc. (Mass.), 282; 105 Mass., 551; 123 Mass., 36; 130 *id.*, 347; 122 *id.*, 184; 73 Ala., 446; 65 Ga., 630; 71 Me., 91; 86 N. Y., 200; Herman on Est. & Res. Ad., vol. 2, secs. 1073-4-5, 1082.

*Montgomery & Moore* for appellee.

The jury in effect found that Alford was not the agent of Moore to buy the goods. Before appellee can be estopped from repudiating unauthorized acts, it must be shown they were brought to his knowledge at the time, and that he approved or acquiesced in them. 2 Herman on Estoppel, secs. 1072, 1084.

HEMINGWAY, J.   The appellant sold goods on the credit.
of the appellee, upon orders given by one Alford, who as-
sumed to act as appellee's agent.   Whether the appellee
was bound for the purchases, was the question in the case
below.   It was insisted for the appellant, in the first place,.
that Alford had authority to make the purchases; and, in the
second place, that the principal had ratified the purchases,.
even if they were unauthorized.

The verdict of the jury is a finding against the appellant
upon the first point, and our attention has been directed to
no error in the court's charge on that branch of the case.
The verdict upon that issue was supported by sufficient evi-
dence, and we find in it no cause for reversal.

Upon the question of ratification the uncontradicted proof
was that the goods were delivered to hands at the mill of
the appellee upon orders given by Alford, who charged to
the hands the purchase price of the goods bought and de-
ducted it from the amounts due them for their labor; that
pay-rolls were periodically made out by Alford and deliv-
ered to the appellee, upon which the hands were severally
credited by the amounts due them for wages and charged
with the amounts due from them for supplies, which latter
amounts included the goods for which appellant seeks to
hold appellee liable; that the appellee settled with the
hands, sometimes in person and sometimes by agent, and
paid them the balance shown due upon the pay-rolls, after
deducting charges made for supplies advanced.

The appellee had notified the appellant that Alford was
authorized to purchase goods on his account in a small sum
not to exceed twenty-five dollars, and that his authority ex-
tended no further.   The pay-rolls disclosed the fact that the
mill hands were charged with, and the appellee credited by,
large sums for supplies which it does not appear that the
appellee was warranted in believing was on account of goods
provided by himself.

Upon this state of case the appellant asked, but the court
declined, to charge the jury as follows:   "If the jury finds

from the evidence that plaintiff Henry Moore was to pay the running expenses of the mill run by Alford, including the pay-rolls of the laborers, giving said Alford authority to contract for same, and that he, said Moore, was to pay such expenses upon the estimate of said Alford, and that, as part of said expenses, said Alford made the account with the Niemeyer Lumber Company, all of which was computed in, and became a part of, the pay-roll, and other expenses of the mill; and said Moore got the benefit of such accounts in the amounts he had to pay, then your verdict should be for the defendant, as to the amount of such account."

It is of course conceded that a principal may be bound, by ratification, upon a contract that he did not authorize. The question is, does the hypothesis of the charge refused, in connection with the undisputed facts in the case, amount to a ratification.

It is stated as a rule of general application that he who would avail himself of the advantages of the act of another in his behalf must also assume the responsibilities. Mechem on Agency, sec. 148; Story on Agency, sec. 253; Wharton on Agency, sec. 89.

But this rule is subject to the condition that the act relied upon for a ratification must be done with a full knowledge of all the material facts; ignorance of such facts, however, can avail nothing where it is intentional and deliberate, or where the circumstances were such as reasonably to put the principal upon inquiry. Mechem on Agency, sec. 148; *Schutz* v. *Jordan,* 32 Fed. Rep., 55–8; *Wheeler* v. *Northwestern Sleigh Co.,* 39 Fed. Rep., 347–50.

In this case, Moore knew, when he settled with the mill hands and took credit by the price of goods furnished them by the appellant, that he had authorized his agent to buy goods from the appellant to the amount of twenty-five dollars, and that, at a time recently before, the agent had made an account largely in excess of the limit, which he had paid. He had been told by the agent that the business could not be run without supplies for the hands, and he saw by the

pay-roll that supplies were furnished them which he had no reason to believe were provided by himself. Under these circumstances we think he was put upon inquiry, even if he did not know the facts ; and if he then, in settling with the hands, availed himself of the unauthorized purchases, that was a sufficient ratification to bind him upon the original contract.

Such being the law, we think the hypothesis, in connection with the undisputed facts, disclosed a ratification, and the instruction should have been given. *Snow* v. *Grace,* 29 Ark., 131.

Whether, upon the hypothesis stated and without regard to his knowledge of the facts, Moore would have been liable upon a *quantum valebat,* on the ground that goods to which he otherwise had no right had been used in paying his debts, is a question we need not determine. See *Perkins* v. *Boothby,* 71 Me., 91 ; *Logan County National Bank* v. *Townsend,* 3 S. W. Rep., 122; *Merchants' Bank* v. *State Bank,* 10 Wall., 604–44; *Watson* v. *Bigelow,* 47 Mo., 413 ; *Bryant* v. *Moore,* 26 Me., 84; *White* v. *Sanders,* 32 Me., 188.

For the error indicated the judgment will be reversed, and the cause remanded.